09-4397-ag
Wang v. Holder

BIA
Vomacka, IJ
A099 927 182

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of June, two thousand ten.

PRESENT:
    REENA RAGGI,
    RICHARD C. WESLEY,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

YONGFANG WANG,
        *Petitioner,*

        v.                                    09-4397-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Weishan Wang, Capital Law Group, LLP, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Jamie M. Dowd, Senior Litigation Counsel; Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yongfang Wang, a native and citizen of the People's Republic of China, seeks review of a September 28, 2009 order of the BIA affirming the February 8, 2008 decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yongfang Wang*, No. A099 927 182 (B.I.A. Sept. 28, 2009), *aff'g* No. A099 927 182 (Immig. Ct. N.Y. City Feb. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA's decision did not address the IJ's adverse credibility determination, we "assume, but do not determine" Wang's credibility in assessing whether the BIA correctly upheld the IJ's determination that Wang failed to meet his burden of proof. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of an application for asylum under the "substantial evidence" standard. *Wu Biao Chen v. I.N.S.*, 344 F.3d 272, 275 (2d Cir. 2003). We will uphold the agency's factual findings so

2

long as they are supported by "reasonable, substantial, and probative" evidence in the record, and reverse an agency's denial of relief only if "no reasonable fact-finder could have failed to find . . . past persecution or fear of future persecution." *Id.*

Wang applied for relief based on a fear of future persecution due to his resistance to China's one-child policy. He states that he and his wife attempted to violate the one-child policy. Wang's wife had a private doctor remove an IUD that the government had implanted after the birth of their first child. Soon after, she became pregnant and Wang took her to his sister's house to hide her. After his wife failed to attend a mandatory birth control examination, family planning officials found her and forced her to undergo an abortion. Three months after the procedure, Wang's wife was forced to have another IUD inserted. Wang did not allege any contact between family planning officials and him or his wife after this second forced IUD procedure.

A spouse of someone who was forced to undergo an abortion or sterilization is not automatically considered a "refugee." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d

3

296, 309-12 (2d Cir. 2007)(en banc); *see* 8 U.S.C. § 1101(a)(42). To qualify for "refugee" status, a spouse must demonstrate "'other resistance to a coercive population control program,' or 'a well founded fear that he or she will be subject to persecution for such resistance.'" *Id*. at 309-10, quoting 8 U.S.C. § 1101(a)(42) (ellipses omitted).

On appeal, Wang claims that the record evidence compels the conclusion that he has a well founded fear of persecution based on the requisite "other resistance." Contrary to Wang's assertion, the agency reasonably determined that, even assuming that he engaged in "other resistance" to China's family planning policy, he failed to demonstrate a well-founded fear of persecution on account of that resistance. The agency found that Wang failed to: (1) demonstrate that he "was threatened by birth control policy enforcers as a result of demonstrating actual resistance to birth control policies"; or (2) point to any record evidence demonstrating a reasonable possibility that he would be sterilized or otherwise persecuted upon his return to China. Wang's citation to a 2007 U.S. State Department Country Profile for China failed to establish that he had an

4

objectively well-founded fear of future persecution, and he provided no other evidence that would compel a factfinder to conclude that such a well-founded fear of future persecution existed. The agency's finding that Wang did not have an objectively reasonable fear of persecution was supported by substantial evidence. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (requiring a petitioner to establish that he subjectively fears persecution and that the fear be objectively reasonable).

Because Wang was unable to carry his burden of proof for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Wang does not challenge the agency's denial of his CAT claim before this Court.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5